STATE OF WEST VIRGINIA

FILED
March 27, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**FRANK A. POTENZINI,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0620** (BOR Appeal No. 2048973)
                        (Claim No. 2012009418)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER/**
**THE SELF-INSURED EMPLOYER**
**GUARANTY RISK POOL,**
**Commissioner Below, Respondent**

**and**

**RG STEEL WHEELING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Frank A. Potenzini, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Mary Rich Maloy, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 27, 2014, in which the Board affirmed a November 1, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges modified the claims administrator's December 28, 2011, decision closing the claim for temporary total and permanent partial disability benefits and specified that the claim remained open for permanent partial disability benefits. It also affirmed the claims administrator's June 5, 2012, decisions denying the addition of diverticulitis, peritonitis, and lumbar disc disease with radiculopathy to the claim and denying a reopening of the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

1

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Potenzini, a janitor, was injured in the course of his employment on August 25, 2011, when he fell while pulling on a heavy garbage bag. The claim was held compensable for lumbar sprain/strain. Mr. Potenzini testified in a deposition that the garbage bag came loose, hit him in the chest, and knocked him down. He felt immediate, severe back pain that radiated down his left side into his left leg. He was given Percocet for his back pain and developed constipation. His colon then ruptured in mid-March of 2012, and he had to have two emergency colostomies. He was hospitalized for approximately sixty-five days and was put into an induced coma for part of the stay. He stated that he has had prior back injuries both at work and at home, but none of the injuries required significant treatment.

On August 29, 2011, Mr. Potenzini was treated by Frank Petrola, M.D. At that time, he reported discomfort in the bottom of both feet. He stated that he pulled on something heavy at work the previous week and developed left-sided lower back pain. The pain was non-radiating, and he denied any left lower extremity weakness. Dr. Petrola diagnosed unspecified backache, osteroarthrosis, and pain in the lower leg joint. An x-ray taken a few days later showed mild degenerative spondylotic changes in the lumbar spine and no evidence of acute injury. Mr. Potenzini filled out an employee's and physician's report of injury on September 14, 2011. The diagnosis was listed as lumbar sprain, and it was indicated that he could return to work with no time lost. An MRI taken two days later showed multilevel spinal stenosis secondary to multilevel disc bulging, ligamentous and facet hypertrophy, and an underlying congenitally small spinal canal. A second MRI was performed one month later and revealed mild degenerative changes of the endplate, moderate facet joint arthrosis at multiple levels, and L4-5 moderate degenerative central spinal stenosis.

Mr. Potenzini was treated by Patrick Flannagan, M.D., on October 27, 2011, and reported severe pain in his lower back that radiated into his lower leg. He also had some numbness in his left leg. Dr. Flannagan diagnosed severe stenosis. On March 1, 2012, Dr. Petrola's treatment note indicates that Mr. Potenzini was taking Percocet for his back pain. He had recently stopped the medication for a few days due to constipation. One month later, Dr. Petrola stated in a reopening application for temporary total disability benefits that Mr. Potenzini was suffering from severe back pain with radiculopathy. Percocet was the only medication that reduced his pain. The medication caused constipation which led to diverticulitis and a bowel perforation that caused a lengthy hospital stay. A second application for reopening of the claim for temporary total disability benefits was filled out on April 30, 2012, by John Cherian, M.D. Dr. Cherian indicated in that application that Mr. Potenzini took Percocet for back pain and while the medication did not cause the diverticulitis, it did contribute to the severity of the condition. He opined that Mr. Potenzini's bowel perforation and prolonged hospitalization caused him to be bed bound for a time, which led to an exacerbation of his chronic back pain. Dr. Cherian also submitted a

diagnosis update form requesting that diverticulitis with bowel perforation, peritonitis, and lumbar disc disease with radiculopathy be added to the claim. He stated that there was a concern that chronic back pain and narcotic use masked his symptoms of diverticulitis, and the lack of treatment for the condition ultimately led to a bowel perforation.

Ira Ungar, M.D., performed an independent medical evaluation on June 1, 2012, in which he opined that Mr. Potenzini suffered a lumbar sprain/strain as the result of the compensable injury. He stated that he was never temporarily and totally disabled. He did not seek specific medical attention for his back until four days after the injury occurred, and at that time, he reported relatively minor levels of lower back pain without radicular symptoms. Dr. Ungar opined that there was no direct causative link between the compensable injury and Mr. Potenzini's development of diverticulitis with bowel perforation. Diverticulitis is relatively common in people of Mr. Potenzini's age group. Dr. Ungar acknowledged that he had some constipation caused by Percocet; however, a review of medical literature indicated that it has never been shown that constipation plays a contributing role in the development of diverticulitis or bowel perforation. Therefore, Dr. Ungar concluded that there is no scientific basis to establish a connection between the compensable injury and Mr. Potenzini's diverticulitis, peritonitis, and bowel perforation. As to the lumbar disc disease and radiculopathy, Dr. Ungar noted that Mr. Potenzini had lower back pain with radicular symptoms in 2008 for which an MRI was performed. He stated that the MRIs that have been performed in this case show no specific disc herniation or impingement, and all findings on the MRIs are that of degenerative disease, spinal canal stenosis, and foraminal stenosis, all of which are age-related diseases. Dr. Ungar therefore concluded that lumbar degenerative disc disease and radiculopathy are not causally related to the compensable injury.

On December 28, 2011, the claims administrator closed the claim for temporary total and permanent partial disability benefits. On June 5, 2012, the claims administrator denied the addition of diverticulitis, peritonitis, and lumbar disc disease with radiculopathy to the claim and also denied a request to reopen the claim for temporary total disability benefits. On November 1, 2013, the Office of Judges modified the December 28, 2011, claims administrator's decision closing the claim for temporary total and permanent partial disability benefits and stated that the claim remained opened for permanent partial disability benefits. The Office of Judges affirmed the June 5, 2012, decisions denying additional compensable components and denying a reopening of the claim for temporary total disability benefits.

The Office of Judges found that Mr. Potenzini had problems with his abdomen prior to the compensable injury. He underwent two colonoscopies due to diarrhea and abdominal cramps in 2004 and 2006. He also had prior lower back pain in December of 2008, and a lumbar MRI taken at that time showed foraminal stenosis from L1 through S1, lumbar canal narrowing, and evidence of muscle spasms. The Office of Judges concluded that Mr. Potenzini sustained a lumbar strain at work on August 25, 2011. He finished his shift that day and did not seek treatment until four days later. When he did seek treatment, his primary complaint was problems with his feet, and though he did mention the lower back injury, he denied any radiculopathy. The Office of Judges found that none of the subsequent MRIs have demonstrated that Mr. Potenzini has a herniated disc or other abnormalities that were not seen on the pre-injury MRIs. It was

3

therefore determined that there was insufficient evidence to demonstrate that radiculopathy or lumbar disc disease were causally connected to the compensable injury.

In regard to the abdominal complaints, the Office of Judges found that the treating physician opined that narcotic medication could have caused constipation which could have contributed to Mr. Potenzini's diverticulitis and peritonitis. However, Dr. Ungar noted that there was no scientific evidence that constipation causes diverticulitis or peritonitis. The Office of Judges determined that the medical evidence does not support a causal connection between the compensable lumbar sprain and the gastrointestinal problems. It noted that the temporary total disabilty claim reopening application was based on Mr. Potenzini's long hospital stay due to his diverticulitis and peritonitis, which Dr. Cherian stated could have led to a worsening of the back pain. The Office of Judges found this to be unsupported by the medical evidence as well.

The Office of Judges concluded that the claim was properly closed for temporary total disability benefits because the original employee's and physician's report of injury indicated Mr. Potenzini could return to regular work with no lost time. The findings of Dr. Cherian concerning temporary total disability were determined to be related to Mr. Potenzini's radiculopathy, which is not a compensable component of the claim. The Office of Judges concluded that though the claim was properly closed for temporary total disability benefits, it was improperly closed for permanent partial disability benefits. It stated that Mr. Potenzini still has the right to a permanent partial disability evaluation and award if necessary. It therefore modified the claims administrator's decision to state that the claim remained opened for a permanent partial disability award. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 27, 2014.

On appeal, Mr. Potenzini argues that his pre-existing gastrointestinal problems were aggravated by the medications he had to take for his compensable back injury. He asserts that the pain medication caused constipation which resulted in a bowel rupture, and the conditions should therefore be held compensable. He also argues that the evidentiary record shows that he has consistently complained of radiculopathy, and his diagnostic tests show a progression in his back condition. The West Virginia Office of the Insurance Commissioner asserts that the evidentiary record is insufficient to show that Mr. Potenzini's pre-existing gastrointestinal problems are causally connected to the compensable injury or medication used to treat it. It also argues that Mr. Potenzini had pre-existing back problems, the compensable injury resulted in a sprain/strain only, and the radiculopathy is unrelated to the compensable injury.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidentiary record fails to show a sufficient causal connection between Mr. Potenzini's pre-existing gastrointestinal problems and his compensable injury. Mr. Potenzini was diagnosed with sigmoid diverticulitis prior to the compensable injury and also had a history of bleeding ulcers. The evidentiary record also fails to show a connection between his degenerative disc disease with radiculopathy and the compensable lumbar sprain/strain. MRIs show that the lumbar spine problems pre-existed the compensable injury.

4

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   March 27, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum